# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SIAMAK ARASSI, M.D. AND
FATEMEH ARASSI,

    Plaintiffs,

v.                                                    Case No. 13-CV-684

WEBER-STEPHEN PRODUCTS LLC,

    Defendant.

## ORDER ON MOTION TO QUASH SUBPOENAS COMPELLING DEPOSITIONS OF PLAINTIFFS' MINOR CHILDREN

This matter is before me on plaintiffs', Dr. Arasssi's and Fatemah Arassi's, motion to quash defendant's, Weber-Stephen Products, subpoenas compelling depositions of the Arassi's two minor children. The Arassis argue that their daughters' depositions would subject them to undue burden and emotional harm, and are being sought for the sole purpose of harassing the plaintiffs. Weber-Stephen counters that it seeks to depose the minor witnesses because they are likely to have discoverable information pertaining to this lawsuit. I have considered all of the pleadings and oral arguments presented on the motion. For the reasons explained in this order, the motion is denied.

## BACKGROUND

Dr. Arassi and Fatemah Arassi bring this personal injuries action against Weber-Stephen Products. Dr. Arassi claims that he suffered a permanent life-altering hand injury in 2010 while attempting to assemble a Weber gas grill. As a result of the accident, Dr. Arassi and his wife, Fatemeh Arassi, have asserted claims against Weber for past and future medical expenses, pain and

suffering, loss of society and companionship, lost wages, and loss of future earning capacity. Their two minor daughters, ages 14 and 10, are not parties to the lawsuit.

Weber has deposed Dr. Arassi, Mrs. Arassi, and Mrs. Arassi's mother, and now seeks to depose the Arrasis' minor daughters. Defendant argues that throughout the pleadings, depositions, and disclosures, the Arassis have repeatedly maintained that part (if not most) of the damages in the case stem from a significant alteration of Dr. Arassi's family and home life. According to the defendant, the children, who are members of the household, are thus likely to have information pertaining to this lawsuit. More specifically, during oral argument, defendant argued that it seeks to depose the children about the accident as they were in the home at the time. Additionally it seeks to question them regarding their observations of their parents before and after the accident and their family life before and after the accident. Defendant does not seek to question the children regarding their parents' financial affairs.

The Arassis seek to quash the subpoena arguing that although the accident has also had negative consequences on their children, they have not asserted claims on behalf of their children because of the harmful mental and emotional effects the litigation would have on them. Additionally, they assert that because of the accident and the stress it has put on the Arassi family, both daughters are receiving mental health treatment. More specifically, they argue that under the circumstances, the potential for harm and risk of harassment outweigh any potential benefits of subjecting the Arassi minors to the depositions. Additionally, the plaintiffs argue that to the extent that the two children have information, they are not the only available source of that information.

## ANALYSIS

Generally, the Federal Rules of Civil Procedure allow for broad discovery. Fed. R. Civ. P. 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Despite the general breadth of discovery, the court may limit discovery where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefits. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii). Also, Rule 26 provides that "for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Finally, Rule 45 provides that a subpoena for relevant information may be quashed or modified if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

When addressing a motion to quash a subpoena, the court must balance the interest served by demanding compliance with the subpoena against the interests furthered by quashing it. *Mirebeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693, 2009 U.S. Dist. Lexis 101104, *13 (E.D. Wis. Oct. 15, 2009) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed 1995)). That is, the court must compare "the hardship to the party [or person] against whom discovery is sought, if discovery is allowed, with the hardship to the party seeking discovery if discovery is denied." *Marrese v. American Academy of Orthopaedic Surgeons*, 726 F.2d 1150, 1159 (7th Cir. 1984) (en banc ). The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Teed v. JT Packard & Associates, Inc.*, No. 10-MISC-23, 2010 WL 2925902, *2 (E.D. Wis. July 20, 2010).

Applying these standards here, I find that the plaintiffs have not met their burden to quash the subpoena for deposition of the two minor Arassi children. Here, the parties, correctly, do not dispute

- 3 -

the relevance of the information sought by Defendant Weber-Stephens or that the Arassi children are likely to have discoverable information. The parties, however, dispute the risk of harm and harassment if the children are to be subjected to deposition and whether the information sought from the children is available from other sources or is duplicative. I will address each in turn.

As to the claim of potential harm to the children, plaintiffs assert that because of the accident and the stress it has put on the Arassi family, both children are receiving mental health treatment and that participation in the lawsuit would be harmful to the mental and emotional health of the children. In support, they have submitted letters from the children's mental health providers. In weighing this argument, I have given great consideration to the young ages of the children: presently 14 and 10 years old, and 10 and 6 years old at the time of the accident. I have considered that litigation can be anxiety-inducing for laypersons, especially for children of a young age and that the two children are presently receiving therapy. I have also considered the subject matter of the deposition. *Compare Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D 98 (Dist. D.C. 2005) (denying motion to quash where minor was to be deposed on sexual assault). Finally, I have considered that the children are not parties to this complaint. In the end, however, I am not persuaded that the plaintiffs have shown with specificity that deposing the children would be irreparably harmful to them. The cursory (perhaps, understandably so) and conclusory letters from the two mental health providers disclose very little on which I can make a specific finding of harm. Beyond that, plaintiffs have not shown that there are no alternatives other than quashing the subpoenas to address any potential harm to the children. *Id.* at 103 (collecting cases that hold that "[t]he quashing of a subpoena is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances"). In other words, I am not persuaded that measures and limitations cannot be fashioned to protect the children from any

irreparable harm. For example, the plaintiffs are concerned about the type and nature of questions the children would be subjected to during the depositions. Additionally, the plaintiffs seem concerned about exposing the children to a harassing, embarrassing, or intimidating environment. But, as the defendant argues, plaintiffs maintain the right to object to harassing questions at the time of the examination. Fed. R. Crim. P. 30(c)(2), (d)(3). Moreover, the court has broad discretion when reviewing a discovery dispute to fashion appropriate limitations. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996) (explaining that the court has broad discretion when reviewing a discovery dispute and should independently determine the proper course of discovery based upon the arguments of the parties). Accordingly, I can set limitations on the depositions to address the specific concerns presented here short of prohibiting the defendants from discovering issues that plaintiffs themselves have made part of this lawsuit.

Next, the plaintiffs argue that the information sought is available from other sources or is duplicative. Plaintiffs point out that Dr. Arassi, Mrs. Arassi, and Mrs. Arassi's mother have already been deposed. On balance, I also do not find that the depositions of these other witnesses warrant prohibiting the depositions of the two minors. Though young, the children are fact-witnesses as they were at home on the day of the accident. Too, as discussed above, they may also possess information on changes in their home life, which plaintiffs have asserted as part of their claim. Although other witnesses have been deposed as to both matters, the children may possess different facts or perspectives.

Finally, the plaintiffs argue that if the depositions of the children are allowed, they should be granted leave to amend their claim to add the children as parties. Though they may ultimately be right, that is a matter for another day. Rule 15(a)(2) allow parties to amend pleadings with leave of

the court. Such a motion with an opportunity for the opponent to respond is not properly before me at this time.

In sum, balancing the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, the plaintiffs have not met their burden to quash the subpoenas for the depositions of the two Arassi minor children. Accordingly, the plaintiffs shall produce the children for depositions on a date and time convenient to the parties and witnesses with the following conditions:

1. The parties shall confer and agree on a location for the deposition which may include plaintiffs' counsel office, the Arassi residence, or the Federal Courthouse;

2. The parties shall notify the court of the date and time of the deposition. The court will then be available by telephone if needed;

3. The children shall not be questioned regarding the origination of the parents' marriage (i.e, arranged or otherwise) or parents' bankruptcy; and

4. The deposition of each child should last no more than 45 minutes in duration.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiffs' motion to quash the subpoenas is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs produce the Arassi children for depositions on a date and time convenient to the parties and witnesses with the conditions outlines above.

Dated at Milwaukee, Wisconsin this 9th day of April, 2014.

                                      BY THE COURT

                                      *s/Nancy Joseph*
                                      NANCY JOSEPH
                                      United States Magistrate Judge